IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF DESCHUTES

BRADLEY RAY WARKENTIN,                       Case No. 12-CV-1061

         Plaintiff,                              SUMMONS

         v.

OCWEN LOAN SERVICING, LLC, a
Delaware Limited Liability Company;
OCWEN FINANCIAL CORPORATION, a
Delaware Corporation

         Defendants.

TO:    OCWEN LOAN SERVICING, LLC
       CORPORATION SERVICE COMPANY, REGISTERED AGENT
       258 LIBERTY STREET NE
       SALEM, OR 97301

     IN THE NAME OF THE STATE OF OREGON: You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded herein.

     NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY!    You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www. oregonstatebar.org  or by calling  503-684-3763 (in the Portland Metropolitan area) or toll free elsewhere in Oregon at 800-452-7636.

Dated this _22_ day of October, 2012

By: _____
     Anthony V. Albertazzi, Esq., OSB #96003
     Attorney For Petitioner

I, the undersigned attorney of record for the plaintiff(s), do hereby certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

Dated this _____ day of October, 2012.

By: _____
     Anthony V. Albertazzi, Esq.. OSB #96003
     Attorney For Petitioner

TO THE SHERIFF, OFFICER OR OTHER PERSON SERVICING THIS SUMMONS:   You are hereby directed to serve a copy of the within summons, together with a copy of the complaint upon Ocwen Loan Servicing, LLC/Corporation Service Company, Registered Agent.

_____
Anthony V. Albertazzi, Esq., OSB #96003
Attorney For  Petitioner

11253-2096;78439

EXHIBIT 1, PAGE 1

Anthony V. Albertazzi OSB #96003
Albertazzi Law Firm
44 NW Irving
Bend, Oregon 97701
Phone 541-317-0231
Fax 541-385-3106
Email: a.albertazzi@albertazzilaw.com
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF DESCHUTES

| | |
|---|---|
| BRADLEY RAY WARKENTIN, | Case No. 12 CV 1061 |
| Plaintiff, | COMPLAINT |
| v. | (RESPA 12 U.S.C. § 2605, Breach of Contract, Negligence, Negligent Infliction of Emotional Distress, and Accounting) |
| OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; OCWEN FINANCIAL CORPORATION, a Delaware Corporation | Claim Not Subject to Mandatory Arbitration |
| Defendants. | Fee Authority: ORS 21.160(1)(b) |

For his COMPLAINT, Plaintiff BRADLEY RAY WARKENTIN ("Warkentin")

brings this action and alleges as follows:

JURISDICTION AND VENUE

1.

Plaintiff is a resident of Deschutes County, Oregon. The events which form the basis of

this complaint also occurred in Deschutes County, Oregon. By this complaint, Plaintiff claims

injury to his person or property located within Deschutes County, Oregon, arising out of an act

Page 1 of 12    COMPLAINT

or omission by the Defendant, outside of the State of Oregon. At the time of Plaintiff's injury, Defendants carried out service activities within Deschutes County, Oregon. Venue and jurisdiction are proper in Deschutes County, Oregon pursuant to ORCP 4D.

## PARTIES

2.

Warkentin is an adult individual who is competent to bring this action. Warkentin is a resident of Deschutes County, Oregon.

3.

Defendant Ocwen Loan Servicing, LLC ("OLS"), is a Delaware limited liability company having its principal place of business at 1661 Worthington Road, Ste. 100 West Palm Beach, Florida 33409.

4.

Defendant Ocwen Financial Corporation ("OFC"), is a Delaware corporation having its principal place of business at 2002 Summit Boulevard, 6th Floor, Atlanta, Georgia 30319.

5.

Unless otherwise specified herein, "Defendant" and/or "Ocwen" refers not only to OLS but also to OFC and the predecessors in interest of OLS and/or OFC relating to the real property owned by Warkentin and presently serviced by Defendants.

## THE PROPERTY

6.

This complaint involves a single property located at 11836 East Burnside Street Portland, Oregon 97216 (the "Property"). Plaintiff is the owner of the Property.

///

Page 2 of 12    COMPLAINT

## ALLEGATIONS REGARDING BANKRUPTCY

### 7.

Plaintiff filed bankruptcy on June 7, 2010 in Oregon Bankruptcy Court Case Number 10-35332-rld11 (the "Bankruptcy Case").

### 8.

The Bankruptcy Court confirmed Plaintiff' Second Amended Plan of Reorganization dated January 27, 2011 (the "Plan") by order dated March 31, 2011 (the "Confirmation Order").

### 9.

The Effective Date of the Plan in the Bankruptcy Case was April 15, 2011 (the "Effective Date").

### 10.

Defendant was bound by the provisions of the Plan on and after the Effective Date pursuant to 11 U.S.C. § 1141(a).

### 11.

Pursuant to the Plan, Plaintiff's loan with Defendant was bifurcated to include a Senior Bifurcated Claim and a Senior Deficiency Claim.

## APPLICATION OF RESPA TO THE LOAN ACCOUNT

### 11.

This complaint involves a first mortgage loan on the Property. The account number for the first mortgage loan on the Property is 7XXXXX2728 (the "Loan Account").

///

Page 3 of 12    COMPLAINT

12.

The Loan Account is a "federally related mortgage loan" as defined in RESPA. The loan documents executed by Plaintiff and Defendant (or its predecessor in interest) which allowed Plaintiff to refinance the Property and created the Loan Account, provided that the provisions of RESPA would apply to the Loan Account.

13.

The Loan Account arose from a credit transaction which involved an extension of credit used to refinance Plaintiff's previous loan on the Property and was therefore for personal purposes and not primarily for business, commercial or agricultural purposes.

14.

Plaintiff did not use the credit extended by Defendant to acquire the Property.

15.

With respect to the Loan Account, Defendant is a loan servicer which has a duty to Plaintiff under RESPA.

16.

With respect to the Loan Account, the payments specified in the Plan were to begin the first of the month following the Effective Date of the Plan, or on May 1, 2011.

17.

The Confirmation Order established a Senior Bifurcated Claim on the Loan Account with a balance of $ 140,000 to be paid with 5% annual interest in monthly payments of $ 751.55 (the "Senior Bifurcated Payment") fully amortized over 30 years.

///

///

Page 4 of 12    COMPLAINT

18.

The Confirmation Order established a Senior Deficiency Claim on the Loan Account with a balance of $ 4,320 to be paid with 0% annual interest in sixty (60) equal monthly payments of $ 75.00 (the "Senior Deficiency Payment").

19.

Together, the Senior Bifurcated Payment and the Senior Deficiency Payment shall hereafter be referred to collectively as the Plan Payment.

20.

The Confirmation Order established that all provisions of the existing loan agreement would remain the same except as specifically indicated in the Plan, including provisions for taxes, insurance and lender escrow requirements.

21.

Plaintiff made all Plan Payments on the Loan Account after the Effective Date as required by the Confirmation Order.

22.

Despite Plaintiff making all Plan Payments, on February 15, 2012 Defendant sent Plaintiff an account statement that contained incorrect account information.

## FIRST CLAIM FOR RELIEF

## (RESPA)

## Count I - Violation of RESPA

23.

As used in this Complaint, "QWR" means a qualified written request as defined in RESPA.

Page 5 of 12    COMPLAINT

24.

Prior to March 20, 2012, Plaintiff, without the assistance of counsel, sent

correspondence to Defendants regarding errors in the Loan Account.

25.

On March 20, 2012, Plaintiff, through Plaintiff's attorney, sent a QWR to Defendant

regarding the Loan Account. By this QWR, Plaintiff notified Defendant of concerns Plaintiff

had regarding errors to the Loan Account. By the QWR, Plaintiff requested that Defendant take

specific action with regards to the Loan Account to correct these errors within sixty (60) days

of receipt of the QWR as required by RESPA.

26.

Defendant received the QWR on or before March 29, 2012.

27.

Defendant acknowledged receipt of the QWR in a letter dated April 24, 2012.

28.

In a letter dated May 7, 2012, Defendant again acknowledged receipt of the QWR. In

this letter, Defendant did not address the concerns raised by Plaintiff in the QWR nor did

Defendant take the action requested by Plaintiff in the QWR.

29.

Despite receiving the QWR, Defendant did not take the action requested by Plaintiff in

the QWR within sixty (60) days as required by RESPA.

30.

Despite the errors in statements sent to Plaintiff by Defendant, Plaintiff has made all

Plan Payments.

Page 6 of 12    COMPLAINT

31.

Despite being notified in the QWR of errors to the Loan Account, Defendant has sent Plaintiff an incorrect statement numerous times following Defendant's receipt of the QWR.

32.

In the QWR, Plaintiff requested a 2011 1099C. Despite Plaintiff's request, Defendant did not provide Plaintiff with a 2011 IRS Form 1099C.

## Count II - Pattern or Practice of Noncompliance

33.

Plaintiff reasserts the allegations of paragraphs 1-32 above.

34.

Defendant engaged in a pattern or practice of noncompliance with RESPA by engaging in the conduct in violation of RESPA (as set forth above in paragraphs 1-32) multiple times with respect to Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

35.

Plaintiff reasserts the allegations of paragraphs 1-34 above.

36.

Plaintiff and Defendant entered into an agreement; the terms of the agreement are embodied in the various documents executed by Plaintiff in order to create the Loan Account which allowed Plaintiff to purchase the property (the "Agreement").

37.

Plaintiff and Defendant were bound by the terms of the Agreement.

Page 7 of 12    COMPLAINT

38.

Defendant agreed that the provisions of RESPA would apply to Plaintiff's Loan
Account and that Defendant and Plaintiff would comply with RESPA's provisions.

39.

Defendant agreed to apply and/or account for Plaintiff's payments correctly.

40.

For the reasons set forth in paragraphs 1-34 above. Defendant has breached the
Agreement with Plaintiff.

41.

As a direct result of Defendant's breach of the Agreement with Plaintiff, Plaintiff has
been damaged. Plaintiff's damages caused by Defendant's breach are delineated below.

### THIRD CLAIM FOR RELIEF

### (Negligence)

42.

Plaintiff reasserts the allegations of paragraphs 1-41 above.

43.

Defendant has a statutory duty to Plaintiff arising under RESPA.

44.

Defendant, as the servicer of Plaintiff's Loan Account, has a duty to Plaintiff to
correctly apply the provisions of the Loan Account.

45.

For the reasons set forth in paragraphs 1-41 above, Defendant violated the duty it owed
to Plaintiff under RESPA.

Page 8 of 12    COMPLAINT

46.

For the reasons set forth in paragraphs 1-41 above, Defendant violated the duty it owed to Plaintiff to correctly apply the provisions of the Agreement.

47.

As a direct result of Defendant's breach of the duty it owed to Plaintiff, Plaintiff has suffered the damages delineated below.

## FOURTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

48.

Plaintiff reasserts the allegations of paragraphs 41-47 above.

49.

RESPA insures that consumers throughout the United States are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country. The provisions of RESPA protect consumers, such as Plaintiff, from these abusive practices. Defendant's violations of RESPA, enumerated above in paragraphs 1-47, directly infringe on Plaintiff's legally protected interest to be free of such abusive practices.

50.

As a direct result of Defendant's violations of RESPA, Plaintiff has suffered the damages delineated below, including physical harm related to mental anguish and/or emotional distress. Alternatively, in the absence of physical injury, Plaintiff has suffered mental anguish

Page 9 of 12    COMPLAINT

1  and/or emotional distress as a direct result of Defendant' infringement on Plaintiff' legally

2  protected interest arising under RESPA.

3  **DAMAGES**

4  51.

5
6  Plaintiff reasserts the allegations of paragraphs 1-50 above.

7  52.

8  As a direct result of Defendant's conduct, Plaintiff has incurred and continues to incur

9  late fees on the Loan Account.

10  53.

11
12  As a direct result of Defendant's conduct, Plaintiff has been forced to spend time away

13  from work to research and correct Defendant's errors, and to prepare written correspondence to

14  Defendant; Plaintiff has suffered loss of income as a result of Defendant's conduct.

15  54.

16  As a direct result of Defendant's conduct, Plaintiff has suffered damages relating to

17  extra time and expense he has incurred in determining the amounts paid for principal and

18
19  interest on the Loan Account as needed to prepare and/or re-file federal and state income tax

20  returns.

21  55.

22  As a direct result of Defendant's conduct, Plaintiff has been forced to incur expenses

23  related to preparing, photocopying and obtaining certified copies of correspondence with

24  Defendant.

25  ///

26  ///

27  ///

28

Page 10 of 12   COMPLAINT

56.

As a direct result of Defendant's conduct, prior to the filing of this complaint, Plaintiff incurred legal fees and/or costs attempting to correct the errors to the Loan Account.

57.

As a direct result of Defendant's conduct, Plaintiff has suffered emotional distress related to the uncertainty and fear that the threat and/or commencement of foreclosure proceedings and/or property inspections by Defendant will alarm Plaintiff's tenants and will negatively impact Plaintiff's ability to obtain maximum rent from his property.

### ATTORNEY FEES

58.

Plaintiff is entitled to his reasonable attorney fees and costs incurred in this action pursuant to ORS 20.096, the terms of the Agreement, and/or 12 U.S.C. 2605(f)(3).

### DEMAND FOR JUDGMENT

#### Declaratory Relief/Accounting

A.    Plaintiff demands that judgment be entered:

1.    Establishing that the balance due on the Senior Bifurcated Claim is $ 136,565.72 as of October 1, 2012;

2.    Establishing that the balance due on the Senior Deficiency Claim is $ 2,970 as of October 1, 2012.

3.    Establishing that the amount of interest paid on the Loan Account during 2011 was $ 4,362.23; and

4.    Establishing that the Loan Account has been current from May, 2011 through October, 2012.

Page 11 of 12    COMPLAINT

**Money Damages**

B.    Plaintiff demands a money judgment against Defendant for:

1.    Actual damages of $ 15,000, plus interest, for Plaintiff's late fees, loss of time, loss of income, expenses, damage to credit, and emotional distress related to Defendant's conduct;

2.    Statutory damages of $ 1,000 for a pattern and practice of RESPA violations pursuant to 12 U.S.C. §2605(f)(1)(B);

3.    Plaintiff's reasonable attorney's fees and costs; and

4.    Any other relief the court deems just and equitable.

Dated this ____ day of October, 2012.

ALBERTAZZI LAW FIRM

Anthony Albertazzi OSB #96693
Attorney for Plaintiff
44 NW Irving Ave.
Bend, OR 97701
Email: a.albertazzi@albertazzilaw.com
Phone: 541 317-0231.

Page 12 of 12    COMPLAINT